UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CHRISTOPHER CLAYTON FORD, <br><br> Defendant. | Criminal No. 07-562M (AK) |

**DETENTION MEMORANDUM**

The Defendant, Christopher Clayton Ford, has been charged by complaint with possession with intent to distribute phencyclidine, also known as PCP, in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on November 19, 2007. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Officer James Boteler of the Metropolitan Police Department Narcotics and Special Investigation Division testified for the government. Officer Boteler testified that on November 13, 2007, at approximately 2:45 p.m., he, along with agents of the Federal Bureau of Investigation, spoke to a confidential source. The confidential source stated that he personally observed an individual nicknamed "Fat Nasty" selling PCP from a silver Cadillac in the area of 45th and Douglas Streets, N.E., Washington, D.C. The confidential

source described Fat Nasty as a large, black male with a dark complexion.

FBI agents responded to the location described by the confidential source and observed a silver Cadillac parked at 4449 Douglas Street, N.E. The agents further observed a man matching the description provided by the confidential source standing near the trunk of the vehicle, which was closed, and talking to two females. Approximately 10-15 minutes later, Agent Grover of the FBI met with the confidential source and drove with the confidential source in an undercover vehicle through the 4400 block of Douglas Street, N.E. Agent Grover again observed the man matching the description provided by the confidential source standing at the closed trunk of the Cadillac. The confidential source identified the man as Fat Nasty and identified the silver Cadillac as the vehicle from which the confidential source observed Fat Nasty selling PCP. The man identified as Fat Nasty was later determined to be the Defendant.

Approximately 25-30 minutes later, FBI agents returned to the 4400 block of Douglas Street, N.E. and pulled alongside the silver Cadillac. The agents exited the car and identified themselves to the Defendant, who at that time was standing at the open trunk of the vehicle. Agent Grover detected the chemical odor associated with PCP and handcuffed the Defendant. When the agent indicated that he intended to search the trunk of the vehicle because he detected the odor of PCP, the Defendant fled on foot. Agent Grover remained with the vehicle while the other two agents pursued the Defendant to the 4400 block of Quarles Street, N.E., Washington, D.C. and apprehended him.

From the Defendant's person the agents recovered keys to the silver Cadillac and $1,080 in cash. The trunk of the car contained multiple tan and orange Nike shoe boxes. Inside one of the boxes were 28-half ounce vials filled with a yellowish liquid that had a chemical odor

consistent with PCP, one large plastic bottle with trace amounts of the same liquid, and two plastic bags. Under the shoe boxes were numerous items of men's clothing. The Defendant's father indicated that the clothing belonged to the Defendant. Under the clothing the agents found two pay stubs from Movers Incorporated and two photographs depicting the Defendant and other individuals. After the vehicle was seized, the agents conducted a search of the passenger compartment. From both the driver's map pocket and the center console they recovered D.C. court services papers containing the Defendant's name.

Officer Boteler estimated that the street value of the PCP seized from the silver Cadillac is approximately $28,000. He further testified that the amount of PCP recovered was consistent with an intent to distribute rather than possession for personal use.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Having heard the testimony at the November 19, 2007 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. § 841(a)(1). When, as here, there is probable cause to believe that a Defendant has committed a

violation of the Controlled Substance Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the Defendant. The Defendant is charged with possession with intent to distribute PCP — a serious drug-related charge carrying a prison sentence of ten years or more.

The second factor, the weight of the evidence, favors detention for the Defendant. Officer Boteler testified that a confidential source personally observed the Defendant selling PCP from a silver Cadillac. Additionally, the Defendant was arrested next to the trunk of a vehicle that contained 28-half ounce vials of PCP and the vehicle contained clothing and mail matter that belonged to the Defendant.

The third factor, the history and characteristics of the Defendant, favors detention. The Defendant has convictions for possession of marijuana and flight from a law enforcement officer and is currently on probation. Additionally, the Defendant tested positive for PCP

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  Although the instant charges did not involve violent activity, PCP is a dangerous and illegal substance, the use of which leads to violent behavior on the streets of the District of Columbia.  Furthermore, the Defendant possessed a substantial quantity of PCP whose street value is approximately $28,000.

## Conclusion

Based upon consideration of the facts presented at the preliminary and detention hearings, and the factors set forth in § 3142(g), the Court concludes that Defendant has failed to overcome the presumption in favor of detention established by the Bail Reform Act.  The Court thus finds by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community.  The Court, however, does not find by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure Defendant's appearance at future court proceedings.  The government's motion for pretrial detention is therefore granted.

Dated: November <u>19th</u>, 2007                    <u>    /s/                                              </u>
                                                                           ALAN KAY
                                                                           UNITED STATES MAGISTRATE JUDGE