UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 07-00345-RMU-1 |
| | : | |
| CHRISTOPHER CLAYTON FORD | : | |


**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE**

Mr. Ford,   the defendant, through undersigned counsel, respectfully moves this Court, pursuant to the Federal  Court  Rules of Criminal Procedure and the Fourth Amendment  to the United States Constitution, to suppress the use as evidence, all physical evidence seized in this case and any and all statements made at or about the time of his arrest. A hearing is requested on this motion.

In support of this motion, counsel states:

1.  Mr. Ford   is charged with the offense of the Unlawful Possession with the Intent to Distribute 100 grams or More of Phencyclidine.  It is  alleged that this  offense occurred on November 13, 2007.

2. On November 13, 2007, at approximately 2: 30 p.m, the Metropolitan Police Department and members of the Federal Bureau of Investigation allegedly received information from a confidential informant that the defendant was in possession of a substance that the informant claimed was phencyclidine.

Based on that information and that information alone the police began a surveillance of the defendant and a car in the 4400 block of Douglas Street, N.E. During that surveillance the police observed the defendant but did not observe the defendant or anyone near him engage in any illegal or suspicious activity.     It is alleged that sometime during the surveillance the confidential informant was driven to the 4400 block of Douglas Street, N.E, and told the police that the defendant was in possession of phencyclidine. However, even during that surveillance the police did not observe the defendant engage in any suspicious activity.

With this minimal amount of information the police then approached the defendant and seized the defendant. Shortly after that seizure the defendant was handcuffed.  Following that seizure and handcuffing the police searched the car the defendant was standing near and recovered documents and phencyclidine. With the seizure of those items the defendant was charged with the possession of the drugs found within his car.

3. The police had no basis to search  the defendant and he did  not consent to a search of her person or her car.  The arrest and search of the defendant were not based on probable cause. The search of the defendant was conducted without a warrant.

4. As far as counsel is aware,  from a review of the available police reports, the the defendant made no inculpatory statements to the police.

5. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." **Katz v. United States**, 389 U.S. 347, 357 (1967) (footnote

omitted).  Here, the police officers acted without the authority of a warrant.  The circumstances of the search of  Mr.  Ford   and his car   do not meet any of the exceptions to the warrant requirement.  Therefore, the search was illegal.

Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment.  **Coolidge v. New Hampshire**, 403 U.S. 443, 455 (1971); **Katz v. United States**, 389 U.S. 347, 357 (1967).  Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Ford   must be suppressed.

The evidence must also be suppressed as the fruit of the unlawful warrantless arrest of Mr. Ford.   Prior to the search of the defendant the police had detained him for a sufficient period of time to convert that illegal detention into an illegal arrest. **Wong Sun v. United States**, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).  Probable cause is an essential prerequisite to an arrest.  **Dunaway v. New York**, 442 U.S. 200, 213 (1979).

This seizure was made without the defendant having first committed a crime and was without any legal justification. The warrantless arrest and search of the car of Mr. Ford  was unlawful.  The evidence seized must be suppressed as the fruit of the unlawful arrest.

CONCLUSION

For the foregoing reasons and any others which may appear at a hearing on this motion all evidence seized from the car and the defendant  must be suppressed.

Respectfully submitted,

_____/s/_____
Douglas J. Wood
Attorney for Mr. Ford
Roberts & Wood
Suite 202
6801 Kenilworth Avenue
Riverdale, Maryland - 20737
(301) 699-0764.

CERTIFICATE OF SERVICE

I do hereby certify that a copy of this motion has been mailed and faxed and e-filed this 3rd day of January, 2008, to Ms. Jean W. Sexton in  the Office of United States Attorney, 555 4th Street, N.W., Room 4235, Washington, D.C. - 20530.

____/s/_____
Douglas J. Wood