UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-345(RMU) |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER FORD, | : | |
| | : | |
| Defendant. | | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
BOND REVIEW MOTION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes Defendant's Bond Review Motion. In support of its Opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this issue:

PROCEDURAL BACKGROUND

1.  The defendant, Christopher Ford, was charged in a one-count Indictment with Unlawful Possession with the Intent to Distribute 100 grams or More of Phencyclidine, also known as PCP, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iv). The subsequent DEA analysis concluded that the actual amount of Phencyclidine was 94.5 grams and thus the government will be proceeding on the lesser-included charge of Possession with the Intent to Distribute Phencyclidine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iv), which has a mandatory minimum term of imprisonment of not less than five years and a maximum term of imprisonment of forty years.

2.  On November 14, 2007, the defendant made his initial appearance before the Honorable Magistrate Judge Alan Kay. At that time, the government moved for his pretrial

detention pursuant to 18 U.S.C. § 3142. On November 29, 2007, Magistrate Judge Kay conducted a preliminary hearing / detention hearing at which Officer Boteler testified. At the conclusion of the hearing, Magistrate Judge Kay ruled that there were no conditions or combination of conditions that would reasonably assure the appearance of the defendant and the safety of any other person and the community, and Judge Kay held the defendant without bond. The defendant now moves to have this Court reconsider Magistrate Judge Kay's ruling and requests that he be placed in a halfway house or released with electronic monitoring. Def. Mot. at 2. For the reasons stated below, the Government opposes the defendant's request.

## FACTUAL BACKGROUND

3. The government believes its evidence will show that on November 13, 2007, members of the Metropolitan Police Department's Narcotics and Special Investigations Division (NSID) and the Federal Bureau of Investigation were conducting a joint narcotics operation within the Sixth District. During the course of that operation, Officer James Boteler met with a paid confidential informant (CI). The CI had provided reliable information on over fifty occasions that had led to the recovery of both illegal narcotics and numerous firearms, and the CI had never provided false information while working with NSID.

4. The CI advised Officer Boteler that it had personal knowledge that an individual it knew by the nickname "Fat Nasty" was in possession of a large amount of PCP. The CI told Officer Boteler that it personally observed "Fat Nasty" occupying a silver Cadillac with District of Columbia license plate number CM3267 that was parked at the intersection of 45th Street and Douglas Street, N.E., Washington, D.C., which the officers knew to be a location with frequent illegal drug and weapon activity. The CI told Officer Boteler that it also observed "Fat Nasty" place a tan-colored shoe box containing vials of PCP into the trunk of the Cadillac. FBI Special

Agents responded to 45th and Douglas Streets, N.E., and immediately observed the vehicle, a silver 1994 Cadillac Deville with license plate number CM3267, parked across from 4449 Douglas Street, N.E.[1]

5.      At approximately 2:40 p.m., FBI Special Agents William Grover and John Nagashima met with the CI and they drove to the area in an unmarked undercover law enforcement vehicle.  As they drove through the area, the CI saw "Fat Nasty" standing by the silver Cadillac.  The CI identified "Fat Nasty" to the agents and told them that it had seen "Fat Nasty" selling PCP from the Cadillac earlier that day.  Special Agent Grover drove slowly past the Cadillac and looked directly at "Fat Nasty," who was subsequently identified as the defendant, Christopher Ford.  Special Agent Grover then drove out of the area.

6.      After dropping off the CI, Special Agent Grover picked up Special Agent Tom Ryan and the three agents then drove back to 45th and Douglas Streets.  They arrived in the area approximately thirty to forty-five minutes after they had dropped off the CI and observed the defendant standing at the open trunk of the Cadillac speaking with two women.  The agents pulled up next to the Cadillac and got out of their car.  They approached the defendant and immediately smelled the strong odor of Phencyclidine (PCP) coming from the open trunk of the silver Cadillac and from the defendant himself.  Special Agent Grover also saw several shoe boxes in the open trunk.  The agents handcuffed the defendant and told him they were going to search the trunk of the Cadillac.  The defendant then turned and ran down street with his hands cuffed behind his back.  Special Agents Nagashima and Ryan chased the defendant for approximately two blocks and caught him in the 4400 block of Quarles Street, N.E. without

---

[1] The Cadillac is registered to an individual who is currently wanted for failure to appear for a status hearing on a possession of cocaine charge.

further incident.

7. While the other agents chased the defendant, Special Agent Grover stayed by the Cadillac and opened a tan shoe box that was lying on the right side of the trunk. Grover opened the box and recovered 28 half-ounce glass vials each containing a yellowish liquid with a strong chemical odor consistent with Phencyclidine (PCP) and an empty Gatorade bottle also with a strong chemical odor consistent with Phencylidine (PCP). A subsequent DEA analysis confirmed that the gross weight of the vials and their contents was 2278 grams and that the amount of actual Phencyclidine Base was 94.5 grams. That amount of PCP would have an average street value of approximately $29,000. The Gatorade bottle contained no controlled substance.

8. A further search of the Cadillac resulted in the recovery of Court Services & Offender Supervision (CSOSA) paperwork for Christopher Ford in both the center console arm rest and the driver's side door map pocket of the Cadillac, photographs of the defendant, and a Virgin Mobile Cellular Phone. Two pay stubs with Christopher Ford's name were recovered from underneath the shoe box containing the PCP. Finally, search incident to arrest of Ford resulted in the recovery of $1,080.

9. The shoe box and vials were processed for prints. Of thirty-one prints recovered, eleven were of value, and eight have been positively identified as belonging to the defendant. These prints were recovered off both the vials and the shoe box.

**ARGUMENT**

10. Upon a finding of probable cause that a defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, there is a statutory presumption that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

18 U.S.C. § 3142(d).  In this case, Magistrate Judge Kay found probable cause to believe that the defendant possessed with the intent to distribute phencyclidine (PCP), and if convicted, the maximum penalty for that offense based on the amount of 94.5 grams is forty years.[2]  21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iv).  Thus, the statutory presumption applies in this case and the defendant has failed to rebut it.

      11.    Additionally, the factors in 18 U.S.C. 3142(g) support the government as well.  As noted above, the defendant possessed with the intent to distribute twenty-eight half-ounce bottles containing approximately $29,000 worth of PCP.  A fingerprint examiner has confirmed that his fingerprints are on some of the vials as well as on the shoe box in which the 28 vials were contained.  Paperwork belonging to the defendant was found both in the trunk with the PCP, and inside the car.  Moreover, the defendant fled – with his hands cuffed behind his back – for two blocks before being stopped.  Finally, a search incident to the arrest of the defendant resulted in the recovery of over $1,000 of suspected proceeds.

      12.    While the defendant's adult convictions are not numerous, his 2006 felony conviction is for fleeing from a law enforcement officer, and he has a very serious juvenile conviction which the parties discussed at the bench at the status hearing on February 11, 2008.  The defendant is still on probation for that case, and he was at the time of the arrest in this case as well.

---

[2] Although the evidence at the time of the detention hearing was that the amount of PCP possessed by the defendant was 100 grams or more, the fact that it was only 94.5 grams does not impact the presumption that the defendant should be held.  Possession with the intent to distribute 94.5 grams (only 5.5 grams less) still has a maximum term of imprisonment of over ten years.

WHEREFORE, for the reasons stated above, the United States respectfully requests that the Court deny the Defendant's Bond Review Motion.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

          /s/
        Jean W. Sexton
        Assistant United States Attorney
        NJ Bar No. 02122-1995
        555 4th Street, N.W.  #4235
        Washington, DC 20530
        (202) 305-1419; Fax: 514-6010
        Jean.Sexton@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-345(RMU)** |
| | : | |
| v. | : | |
| | : | |
| **CHRISTOPHER FORD,** | : | |
| | : | |
| Defendant. | | |

### ORDER

Upon consideration of the Defendant's Bond Review Motion and the Government's Opposition thereto, it is this _____ day of February, 2008,

ORDERED, that the Defendant's Motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE

copies to:

Jean W. Sexton, Esq.
Assistant U.S. Attorney
555 4th Street, N.W., Rm 4235
Washington, D.C. 20530

Douglas Wood, Esq.
Roberts & Wood
6801 Kenilworth Avenue
Berkshire Building, Suite 202
Riverdale, MD 20737